# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**Vincente Sanchez Jaramillo**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:02-CR-18**

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant was convicted in 2002 in this court of conspiring to distribute at least 100 kilograms of marijuana. On December 7, 2005, while residing at the CSC in Grand Rapids, a facility he was not supposed to leave except for going to one of his two jobs, he chose not to go to work. Instead, along with two other individuals (one of whom he allowed to drive his car), he traveled to the other side of town to pick up a David Gonzalez who had previously arranged to sell drugs to an undercover officer at a Meijer grocery (continued on attachment)

## Part II - Written Statement of Reasons for Detention

The defendant has failed to show by clear and convincing evidence that there are any conditions or combination of conditions that will continue to assure the safety of the community. Defendant is clearly familiar with drugs and was clearly in an automobile that everyone else knew contained a substantial amount of drugs and which was involved in the undercover sale police officers, when he should have been at work on the other side of town. Even if the defendant is not charged with drug dealing, by providing the transportation, he has facilitated an illegal transaction, (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctio facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a co proceeding.

Dated: December 28, 2006

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a)

United States v. Vincente Sanchez Jaramillo
1:02-CR-18
**ORDER OF DETENTION REVOCATION HEARING**
Page 2.

**Alternate Findings (B)** - (continued)

>  store parking lot. The foursome first went to the Meijer store on Alpine, but when they learned they had gone to the wrong store, they proceeded to Plainfield Avenue to make the sale. Mr. Gonzalez sat in the back seat with the defendant with a large bag containing several pounds of marijuana between them. The odor was extremely noticeable to the other three persons in the car, as well as the police officers who subsequently arrested Gonzales following the transaction. All of these locations were far away from the CSC and both of defendants' places of employment. Defendant also had $1,163.00 cash on his person when arrested, although he has been unable to pay any court fines over the past year, despite his employment.

**Part II - Written Statement of Reasons for Detention** - (continued)

> at a location where he had no business being while on supervised release. Clearly, defendant has violated the trust placed in him when he was allowed to reside at the CSC and obtain employment.